IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 21-424 |
| KEVIN COLES<br>ERIN COLES | [UNDER SEAL] |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Benjamin J. Risacher, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a one-count Indictment against the above-named defendants for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS |
|---|---|---|---|
| 1 | Conspiracy to Commit Mail Fraud<br><br>From in and around June 2020 and continuing thereafter until in and around July 2020 | 18 U.S.C. § 1349 | COLES, K.<br>COLES, E. |



FILED

OCT 05 2021

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## II. ELEMENTS OF THE OFFENSE

As to Count 1:

In order for the crime of Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. § 1349, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the conspiracy, agreement, or understanding to commit a violation of 18 U.S.C. § 1341, as described in the Indictment, was formed, reached, or entered into by two or more persons.

2. At some time during the existence of the conspiracy, agreement or understanding, the defendant knew the purpose of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement or understanding.

> O'Malley, Grenig and Lee, 2 Federal Jury Practice and Instructions § 31.03 (2002) (revised to exclude overt act requirement, see Whitfield v. United States, 125 S.Ct. 687, 691 (2005); United States v. Shabani, 513 U.S. 10, 16 (1994)).

## III. PENALTIES

**As to Count 1: Conspiracy to Commit Mail Fraud (18 U.S.C. § 1349):**

1. A term of imprisonment of not more than twenty (20) years;

2. A fine not more than the greater of;

    (a) $250,000.00;

    <u>or</u>

    (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process;

2

3. A term of supervised release of not more than three (3) years;

4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the Defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Count One, together with any authorized penalty, as part of the Defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

Forfeiture is not applicable in this case.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney


/s/ *Benjamin J. Risacher*
BENJAMIN J. RISACHER
Assistant U.S. Attorney
PA ID No. 318436